

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JASON SONNTAG, | ) | |
| Plaintiff, | ) | 3:10-CV-00602-ECR-VPC |
| vs | ) | ORDER |
| JAMES BACCA, et al., | ) | |
| Defendants. | ) | |

This is a civil rights action brought *pro se* by Jason Sonntag, a prisoner at the Warm Springs Correctional Center in Carson City, Nevada. Plaintiff has pay the necessary initial installment of the filing fee and now moves the magistrate judge to recuse herself and to permit him to file an amended complaint. (ECF Nos. 6 and 7.)

The Federal Rules of Civil Procedure provide that a complaint may be amended once without leave of the Court within 21 days of service of the complaint or within 21 days after service of a responsive pleading or motion under Rule 12. F.R.C.P. 15. The complaint in this matter has not been served, therefore the motion to amend, while unnecessary at this juncture, shall be granted.

The motion to recuse the magistrate judge shall be denied. Without citation to any authority, plaintiff avers that he has the right to accept or refuse the review of a magistrate judge, alleging the Magistrate Judge assigned in this matter is prejudice in favor of the state.

A federal judge must recuse "in any proceeding in which his (or her) impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The obligations set forth in Section 455 are

"self-enforcing on the part of the judge." *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir.1980). Disqualification is required if a reasonable factual basis exists for questioning the judge's impartiality. "The inquiry is objective, from the point of view of a reasonable person with access to all of the facts." *New York city Housing Develop. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir.1986). Section 455(a) requires disqualification "to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The test for disqualification is whether an average, reasonable person knowing all the circumstances would harbor doubts about the judge's impartiality. *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 714 (9th Cir.1990).

Plaintiff's allegations are unsupported by specifics, but rife with hyperbole as to the defendants in his various cases as well as to the Magistrate Judge. Such broad strokes do not present an objective basis for recusal. The motion shall be denied.

**IT IS THEREFORE ORDERED** that the motion to recuse (ECF No. 6) is **denied.**

**IT IS FURTHER ORDERED** that the motion to amend the complaint (ECF No. 7) is **granted.** Plaintiff shall have thirty days from entry of this order to file his amended complaint. Thereafter, it shall be screened by the Court pursuant to 28 U.S.C. § 1997A.

Dated this 7th day of March, 2011.

UNITED STATES MAGISTRATE JUDGE